| | |
|---|---|
| 1 | THE BICKEL LAW FIRM |
| 2 | Brian J. Bickel, State Bar No. 205646 |
|   | Laura E. Goolsby, State Bar No. 321721 |
| 3 | E-mail: lauragoolsby@bickellawfirm.com |
|   | 701 B Street, Suite 1200 |
| 4 | San Diego, California 92101 |
|   | Tel. No.: 619-374-4100 |
| 5 | Fax No.: 619-231-9040 |
| 6 | Attorneys for Plaintiff VRAM ISMAILYAN |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VRAM ISMAILYAN, an individual; | CASE NO.: 2:17-cv-07225-FMO-AGR |
| Plaintiff, | Judge: Hon. Fernando M. Olguin |
|   | Magistrate: Hon. Alicia G. Rosenberg |
| vs. | **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, a corporation; and DOES 1 through 10, inclusive, | Action Filed: July 24, 2017 |
|   | FPTC: January 9, 2018 |
| Defendants. | Trial: January 22, 2019 |

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE THAT Plaintiff VRAM ISMAILYAN hereby submits the attached Memorandum of Contentions of Fact and Law pursuant to Local Rule 16-4.

DATED: December 10, 2018    THE BICKEL LAW FIRM, INC.
Attorneys for Plaintiff


By: /s/*Laura E. Goolsby*
    LAURA E. GOOLSBY

## I. INTRODUCTION

This case involves Plaintiff VRAM ISMAILYAN's (hereinafter "Plaintiff" or "Mr. Ismailyan's") 2016 Land Rover Range Rover, VIN: SALGS2VF3GA27502 (the "subject vehicle"). Plaintiff leased the subject vehicle on or about April 6, 2016 from Land Rover Encino. The subject vehicle was manufactured and warranted by defendant JAGUAR LAND ROVER NORTH AMERICA, LLC's (hereinafter "Defendant" or "JLRNA") express New Vehicle Warranty of 4 year/50,000 miles. Plaintiff contends that Defendant failed to conform the subject vehicle to its express warranty after having been given a reasonable number of repair attempts. Moreover, Plaintiff contends that Defendant's willful refusal to promptly repurchase the subject vehicle pursuant to multiple requests constitutes a violation of the Song-Beverly Consumer Warranty Act, Civil Code § 1790 et seq (hereinafter "Song-Beverly Act" or "Act"), subjecting Defendant to a civil penalty. Finally, and in the alternative, Plaintiff contends that Defendant breached the implied warranty of merchantability that accompanies all purchased or leased vehicles under California law.

Plaintiff initiated this action on July 24, 2017 by filing a Complaint alleging violation of the Song-Beverley Act. Defendant generally denied all of Plaintiff's allegations.

## II. CONTENTIONS OF FACT

Vram Ismailyan leased the subject vehicle on or around April 2, 2016. At that time the vehicle had 35 miles on the odometer and came with JLRNA's 4 year/50,000 mile warranty. Mr. Ismailyan leased the vehicle for his friend, Alen Bahramjian and Mr. Bahramjian was, in fact, the primary driver of the subject vehicle.

### A. Service History

During the warranty period, Mr. Bahramjian began to experience problems with the vehicle. The vehicle suffers and continued to suffer from a defect or defects which have manifested in recurrent and intermittent abnormal brake noises, brake

malfunctions, premature wear of brake pads, recurrent and intermittent abnormal jerking and hard shifting of the vehicle, recurrent and intermittent abnormal navigation malfunctions, and recurrent and intermittent abnormal transmission malfunctions.

Mr. Bahramjian returned the vehicle to the dealership for repairs no less than nine (9) times and, according to repair records, the vehicle has spent a cumulative total of no fewer than fifty-two (52) days undergoing such repairs. Defendant and Defendant's repair facilities repeatedly misdiagnosed and failed to repair the Plaintiff's concerns despite multiple opportunities. Consequently, Mr. Ismailyan had no other choice but to file the instant lawsuit.

### B. Lawsuit

Due to the foregoing, and despite Defendant's multiple repair opportunities, Mr. Ismailyan's vehicle continued to suffer from defects that Defendant refused to remedy, and this matter was initiated in July of 2017. Plaintiff and Mr. Bahramjian will testify that the vehicle was out of service for repair in Defendant's authorized repair facilities on no fewer than nine occasions and no fewer than a total of fifty-two days for warranty repair. Mr. Ismailyan has continued to pay all his monthly loan payments and car insurance expenses as litigation has proceeded.

Since Plaintiff filed his lawsuit, the parties have:

a. Exchanged written discovery;
b. Conducted legal inspection(s) of the subject vehicle; and
c. Taken depositions of key individuals involved with the subject vehicle.

## III. CLAIMS AND DEFENSES

### A. Summary of Claims

1. Violation of the Song-Beverly Consumer Warranty Act;
2. Breach of the implied warrant of merchantability.

///

**B.  Elements Establishing Plaintiff's Claims**

<u>Claim 1</u>:

1.  Plaintiff leased a new motor vehicle manufactured and/or distributed by JLRNA;

2.  JLRNA issued Plaintiff an express warranty for such vehicle;

3.  The vehicle had one or more defect[s] covered by the warranty that substantially impaired its use, value, or safety to a reasonable person in Plaintiff's situation;

4.  Plaintiff provided JLRNA's authorized repair facilities a reasonable number of repair opportunities for repair of the substantially impairing defect or defects;

5.  JLRNA or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so; and

6.  JLRNA did not promptly replace or buy back the vehicle.

It is not necessary for Plaintiff to prove the cause of a defect or defects in the 2016 Land Rover Range Rover.

<u>Claim 2</u>:

1.  Plaintiff leased a 2016 Land Rover Range Rover from JLRNA;

2.  At the time of purchase, JLRNA was in the business of manufacturing motor vehicles; and

3.  The 2016 Land Rover Range Rover was not fit for the ordinary purposes for which such vehicles are used.

**C.  Supporting Authority**

The Song-Beverly Consumer Warranty Act (the "Lemon Law") is found at CAL. CIV. CODE §1790 <u>et seq</u>, and "represents the Legislature's response to the increasing exploitation of express warranties in product advertising" and "reflects the Legislature's intent to make car manufacturers live up to their express

warranties." Jensen v. JLRNA of North America, Inc. (1995) 41 Cal.Rptr.2d 295, 299 & 303.

In National R.V., Inc. v. Foreman (1995) 40 Cal.Rptr.2d 672, 675, the court discussed the Lemon Law as follows:

> Enacted in 1970 to improve the lot of consumers who purchase defective products, the Act contains substantive regulations of warranty terms disclosure requirements and strengthened consumer remedies. (Citation.) In 1982, in an attempt to provide additional protections to the purchasers of new motor vehicles, the Legislature grafted the "Lemon Law" onto section 1793.2 of the Act. (Citation.) Among other things, section 1793.2 **requires manufacturers to replace a defective product or reimburse the buyer if the product cannot be repaired after a reasonable number of attempts**.[Emphasis added.]

The Lemon Law provides in relevant part:

> If the **manufacturer or its representative** in this state is unable to service or repair a new motor vehicle . . . to conform to the applicable express warranties **after a reasonable number of attempts**, the manufacturer shall either **promptly** replace the new motor vehicle . . . or **promptly** make restitution to the buyer. . . .

CAL. CIV. CODE §1793.2(d)(2) (emphasis added).

Accordingly, the purchaser of a new motor vehicle is entitled to restitution if: (1) The vehicle has a "nonconformity(s)" to warranty; and (2) the manufacturer or its representative(s) is unable to properly repair the vehicle "after a reasonable number of attempts."

A "nonconformity" to warranty is defined in the Lemon Law at CAL. CIV. CODE §1793.22(e)(1) as follows:

> 'Nonconformity' means a nonconformity which **substantially impairs** the use, value, or safety of the new motor vehicle **to the buyer or lessee**. [Emphasis supplied.]

In reference to the Lemon Law's definition of "nonconformity," the court in Ibrahim v. Ford Motor Company (1989) 214 Cal.App.3d 878, 887, observed: "This definition is nothing more than a means of describing what the average person would

1-28

understand to be a defect. The two words are synonyms."

What constitutes "a reasonable number of attempts" is a question of fact and must be determined on a case by case basis. However, the Lemon Law provides some guidance on this question as follows:

> It shall be presumed that a reasonable number of attempts have been made to conform a new motor vehicle to the applicable express warranties, if, **within 18 months from delivery to the buyer or 18,000 miles** on the odometer of the vehicle, whichever occurs first,... **the same nonconformity has been subject to repair four or more times** by the manufacturer or its agents.... This presumption shall be a rebuttable presumption affecting the burden of proof, and it may be asserted by the buyer in any civil action,...

CAL. CIV. CODE §1793.22(b) (emphasis added).

Defendant through its authorized dealership, was given **nine repair attempts** and **fifty-two days**, yet the subject vehicle's defective condition was never repaired. As such, the evidence will be that Defendant (or its repair representative) was given "a reasonable number of attempts" to repair the subject vehicle. The evidence will show that the Defendant misdiagnosed and failed to repair the vehicle's symptoms. Accordingly, Plaintiff is entitled to a repurchase or replacement of the subject vehicle as prescribed by the Song-Beverly Consumer Warranty Act.

Under the Act, Plaintiff is also entitled to a civil penalty for Defendant's willful refusal to comply with California's Lemon Law.

The Lemon Law provides as follows:
> If the buyer establishes that the [defendant's] failure to comply [with any obligation under this chapter] was **willful**, the judgment may include, in addition to the amounts recovered under subdivision (a), a civil penalty which shall not exceed **two times the amount of actual damages**....

CAL. CIV. CODE §1794(c)(emphasis supplied).

In the present case, Defendant's exposure to a civil penalty pursuant to section 1794(c) is high. Defendant has been aware that nine repair attempts had been attempted on Plaintiff's vehicle and that the vehicle was in for warranty repairs for

no fewer than fifty-two days, yet never offered to repurchase or replace the vehicle. Accordingly, Defendant faces a substantial risk that a civil penalty will be assessed against it for its willful refusal to comply with its obligation to repurchase Plaintiff's vehicle.

The Lemon Law further provides that a prevailing plaintiff shall recover attorney's fees and costs. CAL. CIV. CODE §1794(d). As such, should Plaintiff prevail on his claim, Plaintiff will petition the Court for an award of their reasonable attorney's fees and costs of suit.

### IV. PLAINTIFF'S REMEDIES UNDER THE SONG-BEVERLY CONSUMER WARRANTY ACT

The Song-Beverly Act provides Plaintiff with several remedies, including restitution, consequential/incidental damages, prejudgment interest, attorney's fees, costs of suit and civil penalty damages.

#### A. Restitution Damages.

CAL. CIV. CODE §1794(b) provides: "The measure of the buyer's damages in an action under this section shall include the right of...reimbursement as set forth in subdivision (d) of section 1793.2,..." Section 1793.2(d)(2)(B) provides for reimbursement as follows:

> [T]he manufacturer shall make restitution in the amount equal to the actual price **paid or payable** by the buyer, including any charges for transportation and manufacturer installed options, . . . and **including any collateral charges** such as sales tax, license fees, registration fees and other official fees, **plus any incidental damages** . . . including but not limited to reasonable repairs, towing and rental car costs actually incurred by the buyer. [Emphasis supplied.]

In the present case, Plaintiff is entitled to restitution of those monies which he has paid and which are payable relative to his purchase of the subject vehicle, as follows:

///

|   |   |   |
|---|---|---|
| $ | 5,710.00 | Down Payment |
| $ | 45,900.00 | Payments through 1/2/19 |
| $ | ATP | Payments after 1/2/19 (if applicable) |

$ 51,610.00     Total Restitution Damages

Under the Lemon Law, the Defendant is entitled to an offset for Plaintiff's use of the subject vehicle, however, the terms of this offset are carefully and precisely circumscribed by section 1793.2(d)(2)(C), which states:

> [W]hen restitution is made...the amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by the amount **directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity.** The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle **prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity.** [Emphasis added.]

In the present case, miles driven by Plaintiff prior to the time he first delivered the subject vehicle to the manufacturer was 9,764 miles. The subject vehicle was leased with an odometer reading of 35 miles and the first documented repair for correction of the defect or defects occurred with an odometer reading of 9,799 miles. The "actual price" of the vehicle was $100,150.00. Therefore, the offset to which Defendant is entitled pursuant to Plaintiff's use of the subject vehicle would be calculated as follows:  (9,764 ÷ 120,000) x $100,150.00 = $8,148.87.

Accordingly, after deducting the usage attributable to Plaintiff pursuant to the method set forth in the Lemon Law, Plaintiff's net actual damages are $43,461.13 plus the balance of the loan left on the vehicle.

### B. Civil Penalty Damages.

The Lemon Law also provides as follows:

> If the buyer establishes that the [defendant's] failure to comply [with any obligation under this chapter] was **willful**, the judgment may include, in addition to the amounts recovered under subdivision (a), a civil penalty which shall not exceed **two times the amount of actual damages**....

Civil Code section 1794(c)(emphasis supplied).

Under the Lemon Law, the manufacturer's obligation to *"promptly"* repurchase or replace a consumer's vehicle after being given a reasonable number of repair attempts *is an affirmative duty*. As stated by the court in Krotin v. Porsche Cars North America, Inc. (1995) 38 Cal.App.4th 294, 302-303:

> **[T]he Act does not require consumers to take any affirmative steps to secure relief** for the failure of a manufacturer to service or repair a vehicle to conform to applicable warranties --other than, of course, permitting the manufacturer a reasonable opportunity to repair the vehicle.
>
> ***
>
> **[T]he manufacturer has an affirmative duty to replace a vehicle or make restitution to the buyer if the manufacturer is unable to repair the new vehicle after a reasonable number of repair attempts, and the buyer need not reject or revoke acceptance of the vehicle at any time. The buyer need only provide the manufacturer with a reasonable opportunity to fix the vehicle.** [Emphasis added.]

The Court in Ibrahim v. Ford Motor Company, supra, 214 Cal.App.3d at 894, defined the term "willful" as applied to a manufacturer's obligations under the Song-Beverly Act as follows:

> [T]he word "willful," as ordinarily used in courts of law, does not necessarily imply anything blameable, or any malice or wrong towards the other party, or perverseness or moral delinquency, **but merely that the thing done or omitted to be done was done or omitted intentionally**. (Citation omitted.)

The Ibrahim Court concluded that a jury should be instructed that "a civil penalty could be awarded to plaintiff if the jury determined that [the manufacturer] knew of its obligations but intentionally declined to fulfill them." Id. at 894.

The Court in Kwan v. Mercedes Benz of North America, Inc., (1994) 23 Cal.App.4th 174, 184, made it clear that the civil penalty provision in section 1794(c) of the Act is "important as a deterrent to deliberate violations" [by the manufacturer]. The Court described how without civil penalty damages, a manufacturer will be tempted to deny a valid request for restitution "in hope that the consumer would not persist, secure in the knowledge its liability was limited to refund or replacement" Id.

In the present case, a civil penalty should be assessed against Defendant pursuant to section 1794(c). Plaintiff made five (5) requests to Defendant to repurchase and/or replace the subject vehicle after the instant lawsuit was filed. Defendant rejected all requests. It is Defendant's responsibility to competently perform the necessary investigation with respect to Mr. Ismailyan's vehicle and whether it qualified for a lemon law repurchase. Instead, Defendant refused.

Given the foregoing, it is appropriate, in the furtherance of the remedial purposes of the Song-Beverly Act, that a civil penalty be assessed against Defendant of up to two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

### C. Attorney's Fees and Costs.

The Song-Beverly Act provides that a prevailing plaintiff **shall recover attorney's fees** and costs. Civil Code section 1794(d). Under this section, fees awarded are to be based on "actual time expended." In Drouin v. Fleetwood Enterprises, (1985) 163 Cal.App.3d 486, 493, the Court described such attorney's

fee provisions as follows:

> "It should be noted that an attorney's fee is to be based upon actual time expended rather than being tied to a percentage of the recovery. **This requirement is designed to make the pursuit of consumer rights involving inexpensive consumer products economically feasible.**" (Citation.) (Emphasis added).

In the present case, should Plaintiff prevail on his claim, Plaintiff will petition the Court for an award of their reasonable attorney's fees and costs of suit.

### D. Plaintiff is entitled to Pre-Judgment Interest.

Plaintiff is also entitled to pre-judgment interest pursuant to Civil Code section 3287(a) which provides:

> Every person who is entitled to recover damages, certain or capable of being made certain by calculation, and the right to recovery is vested in and upon a particular date, is entitled also to recover interest thereon, from that date, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This Section is applicable to recovery of damages, and interest from any such debtor.

In <u>Leaf v. Phil Rauch, Inc.</u>(1975) 47 Cal.App.3d 371, the Court held that the prevailing plaintiff in an action for breach of a vehicle warranty was entitled to recover interest from the date of rescission. The Court stated:

> Since the requirement of Civil Code Section 3287, regarding the certainty of damages was met, plaintiff was entitled as a matter of law to recover pre-judgment interest on the sum awarded from the time such sum became due. In an action based upon rescission of a contract, the plaintiff's right to repayment of monies paid under the contract is fixed under the rescission, and interest on the monies paid this is recoverable from the date of rescission.

(47 Cal.App.3d at 376 (citations omitted).)

The Plaintiff's *actual damages* are arguably certain, based upon the down payment, amount financed, and repair deductibles, minus the statutory mileage offset; totaling $27,539.40. As such, Plaintiff is entitled to pre-judgment interest from the date he requested JLRNA repurchase his vehicle and provide restitution pursuant to California's Song-Beverly Consumer Warranty Act.

### E. Summary of Damages

Based on the foregoing, Plaintiff seeks judgment in the following amount:

| | |
|---|---|
| Actual Damages | $ 43,461.13 (plus loan) |
| Civil Penalty (up to two times actual damages) | $ 86,922.26 |
| Pre-Judgment Interest | $ ATP |
| TOTAL | $ 130,383.39 |

Further, Plaintiff will petition the Court for their reasonable attorney's fees and costs of suit.

### V. DEFENDANT'S AFFIRMATIVE DEFENSES

#### A. Summary of Affirmative Defenses

Defendant asserts the following affirmative defenses:

1. Failure to State a Cause of Action
2. Duration of Implied Warranty
3. Subject Vehicle Fit for its Intended Purpose
4. No Timely Revocation of Acceptance
5. Lack of Standing
6. Unreasonable or Unauthorized Use
7. Failure to Preserve Evidence
8. Misuse, Abuse, Improper Maintenance
9. Failure to Comply with Civil Code Section 1794.3(e)
10. Estoppel, Laches, Lack Good Faith

Defendant asserts ten affirmative defenses; however, CACI provides only three applicable affirmative defenses: Statute of Limitations, Unauthorized or

Unreasonable Use, and Disclaimer of Implied Warranties. Defendant attempts to lead the court away from the real issue of whether Defendant should have promptly released Mr. Ismailyan's vehicle under the Song-Beverly Warranty Act. Plaintiff has timely filed the law suit, has not participated in any unauthorized or unreasonable use, and has not disclaimed any implied warranties. As most of Defendant's pleadings of affirmative defenses are questions solely for the purview of the trier of fact, Plaintiff will address only the applicable defenses.

1. <u>Affirmative Defense 1: Failure to State a Cause of Action</u>

Plaintiff will be able to meet his burden of proof on the violations of the Song-Beverly Act by producing expert testimony, repair orders, purchase contract and other witness testimony. Elements and key evidence are the same as those described above under Plaintiff's Claim.

2. <u>Affirmative Defense 2: Duration of Implied Warranty</u>

Plaintiff will be able to prove that the date of the first repair order is well within the implied warranty duration of one year. Key evidence will include the purchase contract and repair orders in the above-captioned case.

4. <u>Affirmative Defense 6: Unreasonable or Unauthorized Use</u>

JLRNA is not responsible for any harm to Plaintiff if JLRNA proves that any defect in the vehicle or failure to match any written or implied warranty were caused by unauthorized or unreasonable use of the vehicle after it was sold. <u>See</u> Judicial Council of California Civil Jury Instructions § 3220 (2012).

Plaintiff has used the vehicle in a reasonable manner since he first acquired the vehicle. Plaintiff will show that the substantial impairment was the result of something outside his control. Defendant's attempts to repair the vehicle were all covered under warranty, establishing that the defects were not caused by unauthorized or unreasonable use. Elements and key evidence are the same as those described under Plaintiff's claims. Evidence as described above under Plaintiff's contentions, including JLRNA's maintenance records and the express warranty

issued to Plaintiff.

5. <u>Affirmative Defense 4: No Timely Revocation of Acceptance</u>

Defendant attempts to mislead the court by alleging that Plaintiff did not revoke acceptance within a reasonable time. However, the Song-Beverly Warranty Act does not require an individual to revoke acceptance within a reasonable time. This is not a typical contract case and does not require such revocation. Regarding the implied warranty, Mr. Ismailyan revoked acceptance of the defective vehicle each time he brought the vehicle in for repair and when he requested a repurchase prior to litigation. Key evidence includes the repair orders and JLRNA's customer service records.

## VI. BIFURCATION OF ISSUES

Plaintiff does not suggest bifurcation of any issues at this time, other than Plaintiff's submission of reasonable attorney's fees and costs to determination of the Court, in the event of a verdict in his favor.

## VII. JURY TRIAL

All issues raised in the Complaint are triable by jury as a matter of right. A timely jury demand was made in the Complaint.

## VIII. ATTORNEY FEES

Please see above under restitution.

DATED: December 10, 2018

THE BICKEL LAW FIRM, INC.
Attorneys for Plaintiff

By: /s/*Laura E. Goolsby*
LAURA E. GOOLSBY